1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lynn Cook, | CIV 16-03872-PHX-ROS (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT COURT:

On November 7, 2016, Petitioner Michael Lynn Cook filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. 1), and a memorandum in support (Doc. 3). Respondents filed an answer on December 28, 2016, and a Petitioner filed a reply and supplement thereafter (Docs. 11, 13, 15).

## BACKGROUND[1]

The following facts were found by the state appellate court.

> On October 18, 2005, Cook shot C.S. five times while driving out of the parking lot of a mosque in Phoenix. Paramedics took C.S. to a hospital where he provided Officer A. Of the Phoenix Police Department with a description of the car and the shooter, but stated the shooter was not someone he knew. Detective K. of the Phoenix Police department identified and interviewed three additional eyewitnesses at the scene of the shooting: two of Cooks's younger siblings and the daughter of the

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 11 – Respondents' Answer.

| | |
|---|---|
| 1 | mosque's Imam, S.S. Both of Cook's siblings told Detective K. that Cook shot C.S. S.S., however identified Cook's brother as the shooter. |
| 2 | |
| 3 | On December 1, 2005, Detective J. Of the Phoenix Police Department showed C.S. a six-person photographic lineup from which C.S. selected a photograph of Cook and identified him as the shooter. On December 28, 2005, Detective J. showed the same photographic lineup to S.S. At that time, S.S. informed Detective J. she had misidentified the shooter when she spoke to Detective K. on the night of the shooting and that Cook, not J.W., had shot C.S. She identified two photographs from the lineup-one of which was the photograph of Cook-and told Detective K. one of the two photographs depicted the shooter but was not sure which one. |

(Exh. A at 1.) After a jury trial, Petitioner was convicted of attempted second-degree murder, drive-by shooting, weapons misconduct, and five counts of aggravated assault. (Exh. B at 1.). He was sentenced to concurrent and consecutive prison terms totaling 40 years. (Id.)

Petitioner timely appealed his convictions and sentences. (Exh. A at 1.) In finding no error, the Arizona Court of Appeals affirmed. (Id. at 3.) The record cited by Respondents suggests that Petitioner appealed to the Arizona Supreme Court. (Exh. F.)[2] Moreover, it appears that the Arizona Supreme Court denied the petition to review. (Id.)

On February 17, 2010, Petitioner filed a notice of post-conviction relief (PCR). (Exh. C.) Subsequently, appointed counsel gave notice that he found no claims to be raised in the proceeding. (Exh. D.) Petitioner thereafter filed a *pro se* PCR petition, which was summarily denied by the trial court. (Exh. E.) Petitioner then petitioned the Arizona Court of Appeals for review of the dismissal, but review was denied on July 17, 2013. (Exh. G.) While Petitioner's petition for review of the dismissal of his first PCR petition was pending in the Arizona Court of Appeals, he filed a second PCR notice on January 17, 2012, raising a claim of newly discovered evidence. (Exh. H.) The trial court summarily denied relief, and

---

[2]Respondent failed to provide a copy of Petitioner's appeal to the Arizona Supreme Court or a copy of the Court docket. However, Petitioner did not dispute the facts relating to the appeal proceeding as stated by Respondent. As a result, the Court will accept Respondents' assertions regarding this appeal proceeding as true.

- 2 -

Petitioner petitioned the Arizona Court of Appeals for review. (Exh. B at 1.) The Court of Appeals denied relief on November 12, 2015. (Id. at 3.)

On November 7, 2016, Petitioner filed the instant habeas. (Doc. 1.) According to the Screening Order, Petitioner raised eighteen grounds for relief. (Doc. 5.)

1. The trial court erred when it denied the defense motion to preclude Carl S. from identifying Petitioner in court because "Carl S['s] identification, as well as that of other witnesses, was inherently unreliable and overly suggestive under the Due Process Clause of the Fifth and Fourteenth [Amendments], which prohibits the admission of identification testimony obtained from overly suggestive procedures";

2. The trial court erred by "denying the defense motion for an acquittal on all counts under the Due Process Clause of the [Fourteenth Amendment]; the stipulation that Petitioner was a prohibited possessor at the time of the alleged offense was self-incrimination in violation of the [Fifth Amendment]";

3. Petitioner received ineffective assistance of trial and appellate counsel in violation of the Sixth and Fourteenth Amendments;

4. Because assault is a lesser-included offense of attempted murder, Petitioner was subjected to "multiplicity" in violation of his Fifth, Sixth, and Fourteenth Amendment rights and to a violation of the prohibition against double jeopardy;

5. Petitioner's Sixth and Fourteenth Amendment rights were violated because he is actually innocent;

6. Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments;

7. Petitioner's Sixth and Fourteenth Amendment rights were violated because he received the ineffective assistance of appellate counsel and because the State engaged in misconduct;

8. Petitioner's Fourteenth Amendment due process rights were violated because the trial court erroneously refused to consider an affidavit;

9. Petitioner was denied his Sixth Amendment rights to confrontation and compulsory process;

10. Petitioner raised the issues in Grounds Three through Nine in a state-court reply brief without objection and, therefore, the issues are exhausted and are not procedurally barred;

11. "Petitioner was denied his right to a fair trial, perjury infected the trial, counsel was ineffective, [and there were violations of his rights] to confront[ation]/effective cross-examination, [and] compulsory process under the [Sixth and Fourteenth Aments] (Based on newly discovered evidence)";

12. Petitioner's Fourteenth Amendment due process rights were violated because the trial court erred in denying "Petitioner's Motion for an Order to Show Cause as to the Newly Discovered Evidence/Witnesses Cassette Tapes of Interviews";

13. Petitioner's Fourteenth Amendment due process rights were violated because the trial court erred in denying Petitioner's "Motion to Strike the State's second 9-9-2013 untimely response";

14. Petitioner's Fourteenth Amendment due process rights were violated because the trial court abused its discretion when it denied Petitioner's "Motion for Alternate Counsel and Evidentiary Hearing on whether newly discovered evidence required new trial, to subpoena witnesses;"

15. Petitioner's Fourteenth Amendment due process rights were violated when the post-conviction judge and the state court of appeals erroneously denied Petitioner's motions to compel discovery;

16. Petitioner's Fourteenth Amendment due process rights and Sixth Amendment rights were violated when the Arizona Court of Appeals erroneously denied Petitioner's Motion to Recall the Mandate and when it "ruled on and denied [the] Petition for Review of that motion to the Arizona Supreme Court";

17. Petitioner's Sixth and Fourteenth Amendment rights were violated because the Arizona Court of Appeals and Supreme Court upheld Petitioner's convictions and sentences "based on false hearsay testimony" and because Petitioner's appellate counsel was ineffective; and

18. Petitioner's Sixth and Fourteenth Amendment rights were violated because his "[t]rial counsel and the State knowingly concealed/suppressed material exonerating evidence."

In their Answer, Respondents contends that Petitioner's habeas petition is untimely and must be dismissed.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

1    A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 648-49 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's Petition for Writ of Habeas Corpus is untimely. After trial and sentencing, Petitioner appealed his convictions and sentences to the Arizona Court of Appeals. (Exh. F.) The court of appeals affirmed Petitioner's convictions and sentences on June 25, 2009. (Id.) Petitioner then filed a petition for review with the Arizona Supreme Court. (Exh. F.) The Arizona Supreme Court denied review on December 1, 2009. (Id.) Petitioner's convictions became final 90 days later – on March 1, 2010 – when the time expired for filing a petition for writ of *certiorari* in the United States Supreme Court. See 28

U.S.C. § 2244(d)(1)(A) (providing AEDPA statute of limitations begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for *certiorari* to the United States Supreme Court is filed, direct review is considered to be final when the *certiorari* petition would have been due, which is 90 days after the decision of the state's highest court.").

However, before his convictions became final, Petitioner filed his first PCR petition on February 17, 2010. (Exh. C.) Since the PCR notice was properly filed, it started tolling AEDPA's 1-year statute of limitation before it started to run. The first PCR proceeding was "pending" and tolled AEDPA's statute of limitations until July 17, 2013, when the state appellate court denied review of the PCR petition dismissal. (Exh. G.) Petitioner did not take any further action in this PCR proceeding. Because nothing was pending after the appellate court's decision, the statute of limitations began running the next day – on July 18, 2013. See Hemmerle v. Schriro, 495 F.3d 1069, 1074 (9th Cir. 2007) (statute of limitations was tolled until date on which notice of post-conviction relief was dismissed where no petition for review was filed). The limitations period continued running uninterrupted for one year – until July 18, 2014 – when it expired. Petitioner did not file his Petition for Writ of Habeas Corpus until November 7, 2016. (Doc. 1.)

The second PCR proceeding initiated on January 17, 2012, (Exh. H), did not have any tolling effect under AEDPA. The state court held that Petitioner's second PCR petition was successive and untimely pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, and Petitioner failed to raise a claim that fit within any exception. (Exh. B at 1-2.) The Arizona Court of Appeals affirmed. (Id.) See Pace, 544 at 412 ("when a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 3355(d)(2)"). A state petition that is not filed within the state's required time limit does not toll the statute of limitations. Id. Thus, the PCR proceeding was not "properly filed" under 28 U.S.C. §

2244(d)(2). See, e.g., Pace, 544 U.S. at 414-17; Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (recognizing and applying Pace).

In sum, Petitioner's habeas petition was filed almost two and a half years after the limitations period expired. The habeas petition is therefore untimely.

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling or demonstrated that an external impediment hindered the diligent pursuit of his rights. And, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

- 8 -

To the extent Petitioner suggests in his Reply and supplement that Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012), applies in this context, he is mistaken. Martinez applies only to excusing procedural default and/or lack of exhaustion in state court. See id. at 1315. In Martinez, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320. Thus, Martinez has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court. See McKinnie v. Long, 2013 WL 1890618 (C.D. Cal. Apr. 5, 2013) ("*Martinez* dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time barred under the AEDPA statute of limitations."); Moore v. Williams, 2013 WL 271454 at *5 (D. Nev. Jan. 23, 2013) ("Petitioner has conflated the federal timeliness question with the issue of whether a claim in the federal petition is barred due to procedural default in state court."). Accordingly, Martinez does not present a basis for equitable tolling. Petitioner's habeas petition is untimely.

## CONCLUSION

Having determined that Petitioner's amended habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 27th day of April, 2017.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge