# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lynn Cook,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-16-03872-PHX-ROS<br><br>**ORDER** |

On April 28, 2017, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R") recommending Petitioner Michael Lynn Cook's petition for writ of habeas corpus be dismissed as untimely. (Doc. 16). Cook filed objections and supplements arguing the R&R should be overruled. The R&R's analysis is correct and it will be adopted in full.

At present, the sole issue is the timeliness of Cook's petition. The relevant facts and dates are undisputed. Cook was convicted in state court of, among other things, attempted second-degree murder. He was sentenced to prison terms totaling 40 years. Cook filed a direct appeal but the Arizona Court of Appeals affirmed his convictions and sentences. While that appeal was pending, Cook filed his first post-conviction relief ("PCR") petition with the state trial court. Cook's direct appeal concluded on March 1, 2010 but his first PCR petition remained pending until July 17, 2013. Approximately six months before his first PCR proceeding ended, Cook filed a second PCR petition with the state trial court. The trial court denied the second PCR petition on November 6, 2013.

(Doc. 1-6 at 2). Cook then filed a petition for review of the denial of his second PCR petition with the Arizona Court of Appeals. The court of appeals granted review but denied relief. In its ruling, the court of appeals repeatedly stated Cook's second PCR petition was "untimely." (Doc. 1-6 at 13). The court of appeals issued its mandate on July 13, 2016 and Cook filed the present federal petition on November 7, 2016. (Doc. 1-6 at 7).

Federal law requires a petition for writ of habeas corpus be filed within one year of a conviction becoming final. 28 U.S.C. § 2244(d)(1)(A). This period is subject to both statutory and equitable tolling. Statutory tolling applies while a "properly filed application for State post-conviction . . . is pending." 28 U.S.C. § 2244(d)(2). Equitable tolling applies if a petitioner was pursuing his rights diligently but extraordinary circumstances prevented him from filing on time. *Holland v. Florida*, 560 U.S. 631, 648 (2010). The threshold for equitable tolling is "very high" and it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation marks and citations omitted). Based on these principles, and the undisputed dates regarding Cook's various filings, the timeliness inquiry is relatively straightforward.

Cook's convictions were final and his first PCR petition was no longer pending as of July 17, 2013. If the one-year limitations period began to run at that time, Cook's federal petition filed in November 2016 was more than two years too late. Alternatively, if the one-year limitations period did not begin to run until the second PCR petition was no longer pending as of July 13, 2016, Cook's federal petition is timely. Finally, even if the one-year period began to run on July 17, 2013, Cook's federal petition is timely if he is entitled to equitable tolling.

The R&R concluded the one-year period began to run in 2013 when Cook's first PCR petition was no longer pending. According to his objections and other filings, Cook believes that is incorrect and his second PCR petition also tolled the statute of limitations. In other words, the one-year period did not begin to run until Cook's second PCR petition was no longer pending. But in rejecting Cook's second PCR petition, the Arizona Court

of Appeals explicitly found that petition "untimely." As explained by the Supreme Court, an untimely petition is not considered "properly filed" to merit tolling of the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Thus, Cook's second PCR petition had no impact on when his one-year period began to run and his federal petition is untimely by more than two years.

Cook argues it is unfair to start the one-year period from his first PCR petition because he had no way of knowing the state courts would eventually deem his second PCR petition untimely. Cook points to decisions by the state trial court allowing his second PCR petition to proceed as evidence that he had no reason to believe there may be a future timeliness problem in federal court. The problem for Cook is that the Supreme Court explicitly contemplated this exact scenario in ruling that untimely petitions have no impact on calculating the federal deadline.

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), a Pennsylvania state court had held a petition for post-conviction relief was untimely. The petitioner then filed a federal petition, arguing his state petition had been "properly filed" even though it had been deemed untimely. That is, he was entitled to statutory tolling until his untimely petition was no longer pending. In the petitioner's view, it would be unfair to deem an untimely petition not "properly filed" because "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that [his petition] was never 'properly filed,' and thus that his federal habeas petition is time barred." *Id.* at 416. The Supreme Court rejected this argument, claiming a petitioner in this type of "predicament" should file "a 'protective' petition in federal court . . . asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* This exact reasoning applies to Cook.

After his first PCR petition was denied, Cook could have filed a protective federal petition to protect his right to federal review of his conviction. Cook could not, however, rely on his second PCR petition tolling the time period given the strong possibility that his second PCR petition would eventually be deemed untimely. Because the Supreme

1  Court has addressed and rejected Cook's exact claim regarding statutory tolling, the
2  R&R's conclusion on statutory tolling is correct.

3  On the topic of equitable tolling, the R&R correctly concludes Cook has not established he pursued his rights diligently or that extraordinary circumstances prevented him from filing a timely petition. It appears Cook seeks to invoke equitable tolling based on his belief that he needed to wait until his second PCR petition was resolved before filing his federal petition. But as explained in *Pace*, petitioners must file protective petitions in such circumstances. Cook's decision to wait until a final ruling on his untimely second petition does not show he was proceeding diligently. In addition, Cook does not point to any extraordinary circumstances that prevented him from filing his federal petition between July 2013 and November 2016. Equitable tolling does not apply.

Finally, Cook "request[s] access to case authorities that are available only in electronic databases such as Lexis and Westlaw" as well as an order compelling Respondents to produce certain material. (Doc. 20 at 1). Because Cook's petition is untimely under Supreme Court and statutory law, there is no need to provide Cook the relief he seeks.

///
///

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 16) is **ADOPTED IN FULL**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Motion to Order Access (Doc. 20) and Motion to Compel (Doc. 25) are **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural

ruling debatable.

Dated this 6th day of July, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge